Hodges v. Johnson

---

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Vaughan S. Winborne for petitioner appellant.*

---

GEORGE J. HODGES v. GRANT JOHNSON, DEFENDANT
AND F. F. HODGES, INTERVENOR

No. 7311DC48

(Filed 11 April 1973)

Limitation of Actions § 4— failure of trial court to make findings of fact
— error

In a claim and delivery proceeding instituted by plaintiff in 1971 to recover furniture from the home of his mother who died in 1960, the trial judge made no finding of fact as to when plaintiff's cause of action accrued, and in the absence of such a finding of fact there was no basis on which to conclude as a matter of law that plaintiff's cause of action had been barred by the three year statute of limitation of G.S. 1-52(4).

APPEAL by plaintiff from *Lyon, Judge,* 14 August 1972 Session of HARNETT County District Court.

---

**Hodges v. Johnson**

---

Plaintiff instituted this action on 9 August 1971 by filing a summons and complaint and claim and delivery process seeking to recover certain household and kitchen furniture from the homeplace of his late mother, Maude J. Hodges. The case was heard before Judge Lyon sitting without a jury and plaintiff introduced evidence which tended to show the following:

Following the death of his mother in 1960, plaintiff and his brother, F. F. Hodges, defendant intervenor, agreed on a division of certain items of their late mother's personal property. F. F. Hodges was to receive the living room suite and plaintiff was to receive the rest of the household and kitchen furniture located at the homeplace. Plaintiff's furniture was to be stored in the upstairs rooms of the homeplace. Plaintiff stated at trial that he had no need for any of the furniture until he purchased another house and on 7 August 1971 he sought and was denied access to the furniture by defendant Johnson who was living as a tenant on the property. Two days later plaintiff instituted this action against defendant Johnson.

Defendant F. F. Hodges claiming sole ownership of the disputed furniture intervened and was made a party defendant. At trial defendant Hodges testified that he acquired title to the farm and homeplace upon the death of his mother and that he had been leasing the farm since 1960. Defendant Hodges denied that he had ever made any agreement with plaintiff as to a division of the furniture except that it was understood that plaintiff would get the deep freezer of his late mother.

At trial the parties stipulated that plaintiff, George J. Hodges, was the duly appointed and qualified administrator of the estate of Maude J. Hodges, a resident of Harnett County, who died intestate in March, 1960, and that George J. Hodges as administrator filed his final account with the Clerk of Superior Court of Harnett County on 13 March 1968.

Prior to trial both defendants had asserted as a defense that plaintiff's action was barred by the three-year statute of limitations, G.S. 1-52(4). Their motion for summary judgment based on that assertion was denied by the trial judge. After hearing all the evidence, the trial judge made the following findings of fact and conclusions of law:

"1. That the plaintiff qualified as administrator of the estate of his mother, the late Maude E. (sic) Hodges, in

·1960. That he thereafter served as such administrator until the 13th day of March, 1968, when he filed his final account with the Clerk of Harnett County.

2. That this action was instituted by the plaintiff on the 9th day of August, 1971, by the filing of a Summons and Complaint and Claim and Delivery proceedings seeking to recover certain household and kitchen furniture in the homeplace of the late Maude E. (sic) Hodges.

That based upon the foregoing findings of fact, the Court concludes that said action was instituted more than three years after plaintiff's cause of action accrued and is therefore barred by North Carolina General Statute 1-52(4)."

A judgment was entered dismissing the action and plaintiff appealed.

*W. A. Johnson for plaintiff appellant.*

*Richard M. Wiggins for defendant appellee.*

MORRIS, Judge.

The trial court dismissed plaintiff's action on the basis of G.S. 1-52(4) which provides that an action must be brought within three years "[f]or taking, detaining, converting or injuring any goods or chattels, including action for their specific recovery." Plaintiff asserts on appeal that the trial judge made no finding of fact as to when plaintiff's cause of action accrued and in absence of such a finding of fact there was no basis on which to conclude as a matter of law that plaintiff's cause of action had been barred by G.S. 1-52(4).

When the trial judge sits without a jury, he is required to do the following three things in writing:

" ' . . . (1) To find the facts on all issues of fact joined on the pleadings; (2) to declare the conclusions of law arising on the facts found; and (3) to enter judgment accordingly.' " *Coggins v. City of Asheville*, 278 N.C. 428, 434, 180 S.E. 2d 149 (1971).

The record before this Court is devoid of any finding of fact as to when plaintiff's cause of action accrued. We agree with plaintiff that the trial court's failure to make such a finding

was error. Because the trial court's conclusion of law was based on insufficient findings of fact a new trial is necessary.

New trial.

Judges CAMPBELL and PARKER concur.